IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| GILBERT TRUJILLO, et al.,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>GROUP 4 FALCK, et al.,<br><br>　　　　Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO EXTEND AND MOTION FOR IN CAMERA REVIEW**<br><br>Case No: 2:02 CV 162 TC<br>District Judge Tena Campbell<br><br>Magistrate Judge David Nuffer |

　　　　Plaintiffs moved for an extension of time[1] (Motion to Extend) to respond to Defendant Wackenhut's motion for summary judgment.[2] Wackenhut's motion for summary judgment was filed November 30, 2005. The Motion to Extend was filed the day Plaintiffs should have responded to the motion for summary judgment. The relief requested was to grant "an extension of two (2) weeks, otherwise until January 17, 2006, by 5:00 p.m."[3] to answer the Defendant's motion for summary judgment.

　　　　The Motion to Extend stated that Plaintiffs needed more time to procure responsive affidavits. "[I]n order to respond to Defendant Wackenhut's motion, Plaintiffs have outstanding affidavits."[4] "[T]he Holidays have hindered the preparation and retrieval of supporting affidavits

---

[1] Motion re: Extending Time for Plaintiff to File Response to Defendant Wackenhut's Motion for Summary Judgment, docket no. 86, filed January 3, 2006.

[2] Docket no. 78.

[3] Motion to Extend at 2.

[4] *Id*.

and collection of facts relevant to defeat the motion for summary judgment."[5]

The impression created is that substantive affidavits were forthcoming, to directly rebut factual assertions in the Defendant's affidavits. This impression is reinforced by Plaintiffs' assertion that the distance of the Plaintiffs and witnesses is delaying these affidavits which are to be obtained from those with personal knowledge.

> [O]ne plaintiff resides in Provo, one in Big Water, one in Magna, and one in Phoenix. Also, most of their witnesses are scattered across the country as well and or have undergone name changes and skip-traces had to be authorized to track them down for interviews and affidavits.[6]

After preliminary review of the motion to extend time, the magistrate judge ordered that "plaintiff's counsel shall **immediately** provide counsel for Wackenhut" with some important information "and that [Plaintiffs'] Reply Memorandum on [the motion to extend] and any motion by any party under Rule 56(f) shall be filed on or before January 12, 2006 at noon."[7]

Plaintiffs did not file a reply memorandum on their Motion to Extend and were a little late in filing the affidavits which were apparently filed in lieu of the reply. The Affidavit of D. Bruce Oliver[8] was filed at 12:22 p. m. January 12th and the Affidavit of Christopher Scott Anglesey[9] was filed at 2:02 p. m. and again[10] at 2:04 p. m. Plaintiffs also filed a motion a day

---

[5]*Id.*

[6]*Id.* at 3.

[7]Docket no. 89, filed January 6, 2006 (emphasis in original).

[8]Docket no. 90.

[9]Docket no. 91.

[10]Docket no. 92.

later, January 13, 2005, seeking to have the magistrate judge consider in camera a draft statement of facts from the forthcoming memorandum in opposition to summary judgment.[11]

Also on January 13th, counsel for Defendants filed an affidavit[12] stating that Plaintiffs' counsel had failed to provide the information required by the court's order.[13]  Thus, while Plaintiffs sought enlargement of time, they did not provide information long-requested by Defendants *and* ordered by the court.

The Anglesey affidavit is substantive.  Angelsey is in South Carolina.  This affidavit is consistent with the original basis for which the extension was sought.  It is from an out of state witness.  But it says nothing about discriminatory conduct.

The Oliver affidavit, however, is on an entirely different subject.  It speaks of the *need to obtain additional discovery* – and appears to give reasons why Plaintiffs *cannot* now make a substantive response to the motion for summary judgment.  Oliver now says that he needs "to secure the deposition of certain individuals."[14]  It appears he is requesting relief under Fed. R. Civ. P. 56(f).  That subject is not briefed.  It is hard to understand the need for fact discovery at this date nearly four years after the case was filed.

After reviewing the Anglesey and Oliver affidavits, the magistrate judge required Plaintiffs to submit, on or before January 17, 2006, at 5:00 p. m., the documents by which they proposed to respond to the motion for summary judgment, to allow the magistrate judge to

---

[11]Docket no. 93.

[12]Docket no. 94.

[13]*Id.* ¶ 3 and Exhibit A thereto.

[14]Affidavit of D. Bruce Oliver ¶ 12.

review them in deciding this motion.  Plaintiffs then made two submissions, one timely on January 17th,[15] and a later submission January 19th.[16]  These submissions made it unnecessary for the magistrate judge to make the in camera review of the draft statement of facts proposed by Plaintiffs.[17]

## Proposed Opposition to Summary Judgment

The submission on January 17th includes an 85 page proposed memorandum consisting of four pages of argument, 14 pages disputing Defendant's allegedly undisputed facts, and 246 paragraphs of additional facts.  The proposed memorandum does not "refer with particularity to those portions of the record on which the opposing party relies."[18]  Most of the citations to Plaintiffs' affidavits are to the affidavits generally, with no paragraph number.  Deficiencies in the affidavits, discussed later, exacerbate the lack of specific references to the record.

Numerous exhibits were also submitted January 17th.  They were, at that point, unauthenticated.

No affidavits, except Anglesey's, were submitted timely.  The late submissions include two cursory affidavits from Plaintiffs Joseph[19] and Killian[20] and a longer affidavit from Plaintiff

---

[15] Lodged as document no. 98.

[16] Lodged as document no. 99.

[17] Docket no. 93, filed January 13, 2006.  The documents proposed to be reviewed are in the CM/ECF system as Chambers Notes accessible only to authorized court personnel, as docket no. 96.

[18] DUCivR 56-1(c).

[19] Docket no. 99-3.

[20] Docket no. 99-4.

Alfonso Trujillo.[21]  (All three affidavits were notarized in Salt Lake County, Utah.  There is no affidavit from anyone out of the area or who appears to have undergone a name change.)

Rather than containing any factual material, the Killian and Joseph affidavits identically state:

> 4. In this matter, we have pled a hostile work environment case.  In our opposition memorandum we have pled 246 separate numbered paragraphs between the five of us plaintiffs and other employees in the TWC/UTA Project from March 2001 to June 2003.
>
> 5. The allegations are seemingly too voluminous to plead in the memorandum and then to regurgitate word for word again in separate affidavits.
>
> 6. In the interests of judicial economy, I submit this affidavit after having reviewed and participated in the preparation of the statement of facts embodied in the memorandum in opposition.
>
> 7. I state and hereby certify that this affidavit is submitted in good faith and based upon personal knowledge and belief.
>
> 8. I state and hereby certify that the statements contained therein are true and correct to the best of my abilities.

The Joseph affidavit adds in its Paragraph 8 "[t]hat the exhibits Exhibits 1 through 13B are my own exhibits and they are true and correct legible copies of the originals."  In spite of the fact that a few of those exhibits are transcripts of conversations to which Joseph was a party, he does not attest to their veracity.  Like all the other exhibits to the proposed memorandum, the transcripts were not prepared by Joseph.

Joseph and Killian's blanket statements vouching for facts outside their affidavits are not permitted in affidavits on summary judgment.  In an unpublished Tenth Circuit case, the court

---

[21]Docket no. 99-5.

rejected an affidavit where "[t]he verification consists merely of a blanket statement that the facts in the response and cross-motion were true to the best of [the affiant's] knowledge, information and belief; it is completely devoid of particularity and detail."[22] This is almost precisely what Plaintiffs' Joseph and Killian aver. Their professed desire for "judicial economy" is misplaced. While total pages are reduced by not having any facts in affidavits, "[t]his form of affidavit [leaves] it to the court to attempt to discern which level of certainty went with which fact, a chore that the district court [may] refuse[] to undertake."[23]

The Anglesey affidavit and Alfonso Trujillo affidavit do contain separately numbered paragraphs, but the proposed memorandum does not refer to specific paragraphs in those affidavits. Thus, the court is left with the task of examining an entire affidavit to see if it truly supports one of the fact assertions in the proposed memorandum. The two affidavits have only 45 paragraphs, about 200 short of the number of new facts asserted in the proposed memorandum. Thus, many asserted facts are left without identifiable sworn support.

The proposed memorandum also refers to two affidavits not in the record. Many asserted facts in the proposed memorandum rely on the affidavits of Gil Trujillo[24] and Samuel L. Beene.[25]

---

[22] *Told v. Tig Premier Ins. Co.*, No. 03-4113, 2005 WL 1910796, 149 Fed. Appx. 722, 725 (10th Cir. August 10, 2005).

[23] *Id.*

[24] Proposed Memorandum, docket no. 98-1, ¶ 23 at 16, in responding to Defendant's factual assertions and ¶¶ 6, 7, 11, 42, 49, 51, 55, and 121 in the presentation of new facts.

[25] Proposed Memorandum, ¶ 13, ¶ 23 at 16, and ¶¶ 121, 166, 167, 178, 192, 197, 204, 207, 214, 217, 219, 223, and 237 in the presentation of new facts.

Most importantly, the proposed memorandum contains only four pages of argument. The argument is largely devoted to the significance of a Tenth Circuit case[26] holding that an entire body of conduct, discriminatory and non-discriminatory, may be considered in hostile environment cases, if the two types of conduct are related. "Conduct that appears [race]-neutral in isolation may in fact be [race]-based, but may appear so only when viewed in the context of other [race]-based behavior."[27] The concept may be true, but the proposed memorandum entirely fails to discuss the facts of this case to explain how the alleged non-discriminatory hostile conduct relates to the alleged discriminatory conduct. Thus, the proposed memorandum is completely unhelpful in the analysis required to connect obviously discriminatory conduct with other hostile conduct. This makes most of the lengthy factual recitation irrelevant.

Plaintiffs have not shown that there is a reason that the opposition to the motion for summary judgment could not have been made in the time originally provided. Nothing in the submitted materials shows a justifiable reason for delay. Given that the materials submitted are also seriously deficient, and that the Plaintiffs' affidavits were submitted late, the Motion to Extend will be denied.

---

[26] *Chavez v. New Mexico,* 397 F.3d 826, 830 (10th Cir. 2005).

[27] *Id.* (citing *Penry v. Fed. Home Loan Bank of Topeka,* 155 F.3d 1257, 1262 (10th Cir. 1998)).

## ORDER

IT IS HEREBY ORDERED that the Ex Parte Motion for In Camera Review[28] is DENIED.

IT IS FURTHER ORDERED that the Motion re: Extending Time for Plaintiff to File Response to Defendant Wackenhut's Motion for Summary Judgment is DENIED.[29]

January 23, 2006.

BY THE COURT:

_____
David Nuffer
U.S. Magistrate Judge

---

[28] Docket no. 93, filed January 13, 2006.

[29] Docket no. 86, filed January 3, 2006.