IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. GILBERT TRUJILLO, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>GROUP 4 FALCK (successor of THE WACKENHUT CORPORATION), et al.,<br><br>Defendants. | ORDER<br><br>AND<br><br>MEMORANDUM DECISION<br><br>Case No. 2:02-CV-162 TC |

Defendants The Wackenhut Corporation (now known as Group 4 Falck but referred to herein as Wackenhut), John Connell, John Wittmaak, Dennis Murray, Jeff Gruendell and Richard Smith have moved for summary judgment on all remaining claims brought by Plaintiffs Robert Joseph, Alfonso Trujillo and Samuel Beene.[1]

## ANALYSIS

**A.    Legal Standard for Summary Judgment**

Federal Rule of Civil Procedure 56 permits the entry of summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving

---

[1] In its order dated January 30, 2004, the court fully described the factual and procedural background of this case. Only those facts that are relevant to the conclusions reached in this present order will be discussed here.

party is entitled to judgment as a matter of law.'" Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-51 (1986); Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 670 (10th Cir. 1998). Although Wackenhut bears the burden of demonstrating that there are no issues of material fact, the Plaintiffs must set forth specific facts to establish that there is a genuine issue for trial. Celotex, 477 U.S. at 325. "An issue of material fact is 'genuine' if a 'reasonably jury could return a verdict for the nonmoving party.'" Universal Money Ctrs., Inc. v. AT&T Co., 22 F.3d 1527, 1529 (10th Cir. 1994) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). The court must "examine the factual record and [make] reasonable inferences therefrom in the light most favorable to the party opposing summary judgment." Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir. 1990).

**B.     Retaliation**

The Plaintiffs contend that the Defendants[2] violated Title VII of the Civil Rights Act, 42 U.S.C. § 2000-3(a) which reads, in relevant part:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because [the employee] has opposed any practice made an unlawful employment practice by this subchapter, or because [the employee] has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

To establish a prima facie case of retaliation, a plaintiff "must demonstrate (1) that he engaged in

---

[2] At oral argument, counsel for Plaintiffs agreed that the claims against the individual Defendants John Connell, John Wittmaak, Dennis Murray, Jeff Gruendell and Richard Smith must be dismissed because there is no individual liability imposed on supervisors for Title VII violations. See Haynes v. Williams, 88 F.3d 898, 901 (10th Cir. 1996) ("the language and structure of amended Title VII continue to reflect the legislative judgment that statutory liability is appropriately borne by employers, not individual supervisors.").

protected opposition to discrimination, (2) that a reasonable employee would have found the challenged action materially adverse, and (3) that a causal connection existed between the protected activity and the materially adverse action." Argo v. Blue Cross & Blue Shield of Kansas, Inc., 452 F.3d 1193, 1202 (10th Cir. 2006) (citing recent United States Supreme Court decision Burlington N. & Sante Fe Ry. Co. v. White, 126 S. Ct. 2405, 2414-15 (2006)).

If a plaintiff establishes a prima facie case, then the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the discharge. See McDonnell Douglas Corp v. Green, 411 U.S. 792, 800-07 (1973) (holding that when plaintiff relies on circumstantial evidence to demonstrate employment discrimination, and plaintiff establishes prima facie case, burden of production shifts to defendant to articulate legitimate, nondiscriminatory reason for adverse action); Argo, 452 F.3d at 1202 (applying McDonnell Douglas burden shifting framework in Title VII retaliation case). Then, if the defendant meets its burden of production, the plaintiff, in order to survive summary judgment, must present evidence that the defendant's proffered reason was pretext for a retaliatory motive. McDonnell Douglas, 411 U.S. at 800-07.

> To show pretext, [a plaintiff] must produce evidence of "such weaknesses, implausibilities, inconsistencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable fact finder could rationally find them unworthy of credence and hence infer that the employer did not act for the asserted non-discriminatory reasons."

Argo, 452 F.3d at 1203 (internal citations omitted) (quoting Morgan v. Hilti, Inc., 108 F.3d 1319, 1323 (10th Cir. 1997)).

With these standards in mind, the court now examines each of the claims.

### 1.    Robert Joseph

Although it is somewhat unclear what Mr. Joseph contends was his protected activity that triggered Defendants' retaliation against him, apparently Mr. Joseph asserts that he helped Gilbert Trujillo (who is no longer a plaintiff in this case) file a complaint for race discrimination.[3]

Even assuming (without deciding) that Mr. Joseph has made a prima facie case that his termination was the result of his helping Mr. Trujillo with filing a complaint, Wackenhut has produced evidence of a legitimate, nondiscriminatory reason for firing Mr. Joseph.

In October 2001, Mr. Joseph reported to the Salt Lake City Police Department that a middle-eastern man had been seen taking photographs of government buildings. (Oct. 28, 2001 Transit Public Safety Incident Report, attached as Ex. B to Aff. of Dennis Murray; Salt Lake Police Dep't incident report, attached as Ex. C to Murray Aff.; see also Murray Aff. ¶¶ 3-4; Aff. of John Connell ¶ 18.) The information in the report was materially incorrect. (Oct. 29, 2001 Transit Public Safety Incident Report, attached as Ex. A to Murray Aff.; Salt Lake Police Dep't incident report, attached as Ex. C to Murray Aff.; Murray Aff. ¶ 5; Connell Aff. ¶ 18.) Wackenhut employee Corporal Tolbert, unlike Mr. Joseph, had witnessed the man taking

---

[3]The court notes that Plaintiffs' memorandum in opposition to Defendants' motion for summary judgment fails to comply with this court's Rules of Practice. Local Rule DUCivR 56-1 requires a memorandum opposing summary judgment to "begin with a section that contains a concise statement of material facts as to which the party contends a genuine issue exists." DUCivR 56-1(c). Further, "[e]ach fact in dispute must be numbered, must refer with particularity to those portions of the record on which the opposing party relies and, if applicable, must state the number of the movant's fact that is disputed." Id. Plaintiffs provide little record evidence in their opposition memorandum. Given these deficiencies, the court could simply deem each of Defendants' stated facts admitted under DUCivR 56-1(c). But at the hearing on the Defendants' motion, the court gave Plaintiffs' counsel an opportunity to indicate what evidence in the record created genuine issues of material fact. Even then, Plaintiffs' counsel was unable to point to any relevant, admissible evidence that would raise any such issues.

photographs (the photographer was actually Caucasian and his subject was not buildings but rather an African-American man assisting a disabled passenger).  (Oct. 29, 2001 Transit Public Safety Incident Report, attached as Ex. A to Murray Aff.;  Salt Lake Police Dep't incident report, attached as Ex. C. to Murray Aff.;  Connell Aff. ¶ 18.)  The next day, Corporal Tolbert sent Mr. Joseph a memo, in which Corporal Tolbert chastised Mr. Joseph for making an incorrect report to the police based on second- and third-hand information.  (Oct. 29, 2001 Mem. from Tolbert to Joseph, attached as Ex. D to Murray Aff.)  Corporal Tolbert requested that Mr. Joseph contact Tolbert "to gather first hand correct information instead of gathering information second hand about I saw, heard and did. . . .  Please for future reference come to me when having questions or concerns about a situation I have or are [sic] dealing with."  (Id.)

Mr. Joseph was upset about the memo and went to the office of Dennis Murray, who was captain of Wackenhut's Utah Trax station and Mr. Joseph's supervisor.  Captain Murray described Mr. Joseph's actions:

> Mr. Joseph became very agitated and started raising his voice and pointing his finger.  I informed him that certain information contained in his report was incorrect.  He became even louder and continued to point his finger at me.  He then walked over to my chair while I was sitting down and leaned over into my face and started yelling at me and pointing his finger at me.  He stated that he was leaving the room and I told him to sit back down and complete the discussion.  I asked him to again sit down.  He said he was mad and leaving the room.  I informed Joseph to clock out that he was relieved of duty and to go home.  He stated to put it in writing and left.

(Murray Aff. ¶ 7.)

Captain Murray reported the entire incident to John Connell, manager of Wackenhut's Salt Lake City office.  Mr. Connell met with Mr. Joseph on November 1, 2001.  Mr. Connell testified that "[w]e discussed his insubordination to Capt. Murray and I informed him that he was

being terminated." (Connell Aff. ¶ 20.)

Mr. Joseph has submitted no relevant admissible evidence to rebut Wackenhut's evidence that Mr. Joseph was terminated for insubordination. Accordingly, Wackenhut is GRANTED summary judgment on Mr. Joseph's claim of retaliation.

### 2. Alfonso Trujillo

Mr. Trujillo first argued that he was denied promotions and benefits. But he has since apparently conceded that he did not seek any promotions and was not denied any benefits. Apparently Mr. Trujillo is now claiming that Wackenhut's termination of his employment was retaliatory. But again, assuming without deciding that Mr. Trujillo has established a prima facie case,[4] Wackenhut has produced convincing evidence, unrebutted by Mr. Trujillo, of legitimate, nondiscriminatory reasons for its actions. It is undisputed that Wackenhut terminated Mr. Trujillo's employment[5] because he gave confidential information to a former Wackenhut employee without permission. The confidential information was then published in a local newspaper. Mr. Trujillo's disclosure of the confidential information violated Wackenhut policy. (Connell Aff. ¶ 4; Security Officer's Handbook ¶ 2.1, attached as Ex. A to Connell Aff.)

For these reasons, Wackenhut is GRANTED summary judgment on Mr. Trujillo's claim of retaliation.

---

[4]The court notes that Mr. Trujillo has not presented evidence that he engaged in any protected activity.

[5]Two weeks later, Wackenhut reduced Mr. Trujillo's discipline to a two-week suspension without pay. Mr. Trujillo remained a Wackenhut employee until Wackenhut's contract with UTA ended.

### 3. Samuel Beene

Mr. Beene has pointed to no evidence that he engaged in any protected activity. Even so, as Wackenhut has done with the other two Plaintiffs, it has produced unrebutted evidence that it terminated Mr. Beene's employment[6] because he provided confidential information about Wackenhut to people outside the company, in violation of Wackenhut policy.

For these reasons, Wackenhut is GRANTED summary judgment on Mr. Beene's claim of retaliation.

### C. Hostile Work Environment

Plaintiffs also bring claims for hostile work environment. To establish a hostile work environment, Plaintiffs "must show that a rational jury could find that the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victims employment and create an abusive working environment." Sandoval v. Boulder Reg'l Commc'ns Ctr., 388 F.3d 1312, 1327 (10th Cir. 2004). Plaintiffs must show that they were victims of the hostile work environment because of gender, race, or national origin. Id. Plaintiffs provide no evidence of a hostile work environment and, accordingly, Wackenhut is GRANTED summary judgment on these claims.

---

[6] About two weeks later, Mr. Beene was reinstated, and he remained a Wackenhut employee until Wackenhut's contract with UTA ended.

**ORDER**

For the foregoing reasons, the Wackenhut Defendants' Motion for Summary Judgment is GRANTED.

DATED this 18th day of October, 2006.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
United States District Judge