IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. GILBERT TRUJILLO, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>GROUP 4 FALCK (successor of THE WACKENHUT CORPORATION), et al.,<br><br>Defendants. | ORDER<br>AND<br>MEMORANDUM DECISION<br><br>Case No. 2:02-CV-162 TC |

On October 19, 2006, the court granted the Wackenhut Defendants' motion for summary judgment. On October 20, 2006, judgment was entered in favor of the Wackenhut Defendants (the only remaining defendants) and the case was closed. Plaintiffs now seek an order altering that judgment, as set forth in their Motion to Alter or Amend Judgment under Federal Rules of Civil Procedure 59(e) and 60(b). Specifically, Plaintiffs contend that a "manifest injustice" occurred when the court dismissed their civil RICO and Title VII retaliation (employment discrimination) claims. For the reasons set forth below, the Plaintiffs' Motion to Alter or Amend Judgment is DENIED.

**Rule 59(e) Standard**

Whether to grant or deny a motion for reconsideration under Rule 59(e) is committed to the court's discretion. See Phelps v. Hamilton, 122 F.3d 1309, 1324 (10th Cir. 1997). The Tenth Circuit recognizes only certain grounds for granting such a motion, including those cases where

movants can show: (1) an intervening change in the controlling law; (2) new evidence previously unavailable; or (3) the need to correct clear error or prevent manifest injustice. See Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000); Brumark Corp. v. Samson Resources Corp., 57 F.3d 941, 948 (10th Cir. 1995).  "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law."  Servants of the Paraclete, 204 F.3d at 1012.  A Rule 59(e) motion should be granted "only if the moving party can present new facts or clear errors of law that compel a change in the court's prior ruling."  Bao Ge v. Li Peng, 201 F. Supp. 2d 14, 26 (D.D.C. 2001) (emphasis added) (quotations & citations omitted), aff'd 35 Fed. Appx. 1 (D.C. Cir. Mar. 1, 2002).  Further, "[i]n order to show clear error or manifest injustice, the [movant] must base its motion on arguments that were previously raised but were overlooked by the Court – '[p]arties are not free to relitigate issues that the Court has already decided.'"  United States v. Jasin, 292 F. Supp. 2d 670, 676 (E.D.Pa. 2003) (citations omitted).

     Courts routinely deny Rule 59(e) motions in which the movant rehashes old arguments, attempts to re-argue more persuasively issues already presented to and addressed by the Court, or tries to take a second bite at the apple.  See, e.g., National Metal Finishing Co., Inc. v. BarclaysAmerican/Commercial Inc., 899 F.2d 119, 123 (1st Cir. 1990) (citing numerous cases for proposition that Rule 59(e) motions are commonly rejected where the movant "was rehashing old arguments already rejected by the trial court"); Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 374 (6th Cir. 1998) ("A motion under Rule 59(e) is not an opportunity to re-argue a case"); Oto v. Metropolitan Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000), cert. denied, Beverley v. Oto, 531 U.S. 1152 (2001) (motions for reconsideration under Rule 59(e)

which "merely took umbrage with the [district] court's ruling and rehashed old arguments," and "did not demonstrate that there was disregard, misapplication or failure to recognize controlling precedent . . . were properly rejected by District Court"); Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir. 1985) (upholding denial of Rule 59(e) motion where motion "presented no arguments that had not already been raised").

### Rule 60(b) Standard

Rule 60(b) motions are "subject to more stringent standards" than Rule 59(e) motions, given that the rule permits movants to demonstrate one of six narrow reasons for relief from an order, and they "may only be granted in exceptional circumstances." Allender v. Raytheon Aircraft Co., 439 F.3d 1236, 1239, 1242 (10th Cir. 2006) (quotations and citations omitted). Rule 60(b) provides that,

> [o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b). Plaintiffs do not indicate which of the six reasons for relief they are relying upon.

### Grounds for Plaintiffs' Motion

Although it is difficult to discern from Plaintiffs' pleadings, it appears that they are challenging four different rulings. The first is a January 30, 2004 Order (Dkt # 58) dismissing

3

the Plaintiffs' civil RICO claims against the Wackenhut Defendants. The second is a May 25, 2004 Order (Dkt # 63) denying Plaintiffs' motion to amend their complaint to add a claim against the Wackenhut Defendants under RICO. The third is a September 29, 2004 Order (Dkt # 69) dismissing Gilbert Trujillo's and Chad Killian's employment discrimination claims. And the fourth is the court's final order in the case, the October 19, 2006 Order and Memorandum Decision (Dkt # 130) dismissing the remaining Plaintiffs' employment discrimination claims. Those rulings dealt with Plaintiffs' civil RICO and Title VII employment discrimination claims, all of which the Plaintiffs contend should be reinstated against Wackenhut.

### Plaintiffs' Civil RICO Claims

Plaintiffs contend that their civil RICO claims (which concerned a Wackenhut employee's illegal purchase of an AR-15 firearm) should be reinstated based on alleged admissions by the Wackenhut Defendants regarding the AR-15 purchase. The alleged admissions were purportedly stated in the Wackenhut Defendants' memorandum in support of their motion for summary judgment and at the September 1, 2006 hearing on their motion for summary judgment. (See Pls.' Mot. to Alter or Amend J. at 3; Pls.' Mem. Supp. Mot. Alter or Amend J. at 1-3.) The court disagrees.

The court finds that nothing stated in the Wackenhut Defendants' memorandum or during the hearing would be an admission relevant to the Plaintiffs' civil RICO claims. And, similarly, nothing stated by the Wackenhut Defendants changes the court's conclusion regarding the viability of Plaintiffs' civil RICO claims.

### Plaintiffs' Title VII Retaliation Claims

Plaintiffs present a montage of points to support their Motion. The court will address

each in turn.

First, Plaintiffs contend that they were prejudiced because they had no notice that the adequacy of their prima facie case would be considered by the court. Plaintiffs' objection ignores the fact that the court assumed, without deciding, that Plaintiffs had established a prima facie case. So the court does not see how they were prejudiced.

Second, they contend that the court incorrectly applied the United States Supreme Court's decision in Celotex Corp. v. Catrett, 477 U.S. 317 (1986), by holding that the court must consider only admissible evidence. The Plaintiffs are incorrect. The content of evidence rebutting a motion for summary judgment must be admissible, but it need not be in a form typically presented at trial.

> At the summary judgment stage, evidence need not be submitted "in a form that would be admissible at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). Parties may, for example, submit affidavits in support of summary judgment, despite the fact that affidavits are often inadmissible at trial as hearsay, on the theory that the evidence may ultimately be presented at trial in an admissible form. Bryant v. Farmers Ins. Exch., 432 F.3d 1114, 1122 (10th Cir. 2005). Nonetheless, "the content or substance of the evidence must be admissible." Thomas v. Int'l Bus. Machs., 48 F.3d 478, 485 (10th Cir. 1995). Thus, for example, at summary judgment courts should disregard inadmissible hearsay statements contained in affidavits, as those statements could not be presented at trial in any form. See Hardy v. S.F. Phosphates Ltd. Co., 185 F.3d 1076, 1082 n.5 (10th Cir. 1999). The requirement that the substance of the evidence must be admissible is not only explicit in Rule 56, which provides that "[s]upporting and opposing affidavits shall . . . set forth such facts as would be admissible in evidence," Fed. R. Civ. P. 56(e), but also implicit in the court's role at the summary judgment stage. To determine whether genuine issues of material fact make a jury trial necessary, a court necessarily may consider only the evidence that would be available to the jury. See Truck Ins. Exch. v. MagneTek, Inc., 360 F.3d 1206, 1216 (10th Cir. 2004) (affirming summary judgment, in light of the available evidence, because "[j]ury verdicts may not be based on speculation or inadmissible evidence or be contrary to uncontested admissible evidence").

Argo v. Blue Cross Blue Shield of Kansas, Inc., 452 F.3d 1193, 1199 (10th Cir. 2006).

Third, Plaintiffs contend that the court ignored the recent United States Supreme Court decision published in Burlington N. & Santa Fe Ry. Co. v. White, 126 S. Ct. 2405, 2414 (2006). To the contrary, the Burlington Northern decision was part of the case law considered by the court.  To the extent the Plaintiffs disagree with the court's decision, such a matter is for the Tenth Circuit Court of Appeals.

Finally, the Plaintiffs challenge the substance of the court's ruling, which, again, is a matter for the Tenth Circuit Court of Appeals.  The court will not reconsider arguments or evidence that were or could have been presented at the time the issues were briefed and argued.

In short, the Plaintiffs have not satisfied the standards applicable to motions brought under Rules 59(e) and 60(b).  Accordingly, they are not entitled to reinstatement of their RICO or Title VII claims against any of the Wackenhut Defendants.

**ORDER**

For the foregoing reasons, the court DENIES Plaintiffs' Motion to Alter or Amend Judgment.

DATED this 8th day of November, 2006.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
United States District Judge